Filed 5/5/22  P. v. Garrett CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY MICHAEL GARRETT,<br><br>Defendant and Appellant. | F082359<br><br>(Super. Ct. No. RF008446A)<br><br><br>OPINION |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P. J., Franson, J. and Smith, J.

## STATEMENT OF APPEALABILITY

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following description of the procedural history and facts of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## STATEMENT OF THE CASE

On September 11, 2020, Jeffrey Michael Garrett was accused, by information of one felony count of unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a)) and it was alleged that he had two prior serious or violent felony convictions (Pen. Code, §§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e).)

On October 29, 2020, after initially entering a not guilty plea and denying the allegations, Garrett pleaded no contest to the count and admitted both prior convictions.

On November 30, 2020, Garrett requested a change in appointed counsel. A *Marsden*[1] hearing was held, and the request was denied.

At sentencing on January 8, 2021, the trial court struck the two prior felony conviction allegations and sentenced Garrett to the middle term of two years, with actual and conduct credit for times served. Various fines and fees were imposed.

## STATEMENT OF THE FACTS[2]

On June 14, 2020, Garrett operated a motor vehicle without the permission of the owner.

## DISCUSSION

Garrett filed a notice of appeal on February 5, 2021. Garrett's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues,

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

[2] Because Garrett pleaded no contest, the statement of the facts is taken from the preliminary hearing.

and requests this court to review the record and determine whether there were any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) The opening brief also includes the declaration of counsel indicating Garrett had been released from prison, and upon release was living in a homeless shelter. Counsel declared that Garrett contacted him twice, discussed the case with him, but since then counsel has been unable to make contact with Garrett, who is no longer in the shelter. Counsel was granted two extensions by this court in order to regain contact with Garrett, but counsel has been unable to do so. Garrett's supervising parole/probation officer told counsel Garrett has absconded and there is a warrant for his arrest.

Counsel declared that, should he regain contact with Garrett, he would discuss his findings and views regarding the case and advise him of the nature of this brief and that Garrett may file a supplemental brief, if desired. Garrett was advised by this court on August 10, 2021, that he had the right to file a supplemental brief within 30 days. We have received no communication from Garrett.

On March 4, 2022, we invited counsel to consider a variety of new laws that went into effect after the *Wen*de brief was filed. If counsel determined any of the recently enacted legislative changes applied to this case, counsel had 20 days to file a motion to strike the *Wende* brief and instead file an appellant's opening brief. To date, counsel has not done so, and we proceed with the *Wende* brief on file.

Having undertaken an examination of the entire record, we find no evidence of any arguable error that would result in a disposition more favorable to Garrett.

## DISPOSITION

The judgment is affirmed.